ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ROBERTO ORTIZ DE JESÚS Y OTROS<br><br>Apelantes<br><br>v.<br><br>JOSÉ R. RIVERA PÉREZ Y OTROS<br><br>Apelados | KLAN202401092 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CD2024CV00202<br><br>Salón: 803<br><br>Sobre: Ley para la Reforma del proceso de permisos (Ley Núm. 161-2009) |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Sánchez Báez[1]

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de mayo de 2026.

Compareció el Sr. Roberto Ortiz De Jesús y la Sra. Bethzaida Vega Rodríguez (en conjunto, "demandantes" o "apelantes"), por derecho propio, mediante el recurso de apelación de epígrafe. Nos solicitó la revisión de dos sentencias desestimatorias notificadas el 25 de septiembre de 2024 y el 15 de octubre de 2024, respectivamente, por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, "foro de instancia"). Mediante las aludidas determinaciones, el foro de instancia desestimó sin perjuicio la *Demanda y Demanda Enmendada* por falta de jurisdicción.

Por los fundamentos que expondremos a continuación, **confirmamos** las determinaciones apeladas.

**-I-**

---

[1] Mediante la Orden Administrativa OATA-2025-002 emitida el 9 de enero de 2025 se designó al Juez Isaías Sánchez Báez en sustitución del Juez Alberto L. Pérez Ocasio.

Los demandantes presentaron *Demanda[2]* contra el Sr. José R. Rivera Pérez (en adelante, "señor Rivera Pérez"), Arenas Bus Line, Inc. y Lule Corp. (en adelante, "las corporaciones"), y el Municipio Autónomo de Cidra (en adelante, "Municipio de Cidra"). En esta, plasmaron las causas de acción siguientes: (1) impugnación del proceso de reglamentación del Municipio de Cidra por violación al debido proceso de ley; (2) interdicto estatutario al amparo de la Ley Núm. 161-2009, según enmendada, conocida como *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, 23 LPRA sec. 9011 *et seq.*; (3) interdicto al amparo del Artículo 277 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2761; (4) declaración de estorbo público y (5) daños. Alegaron que el señor Rivera Pérez y las corporaciones operan un negocio de transporte para vehículos pesados en un área calificada inicialmente como residencial y, luego de un proceso de reglamentación, fue modificada a industrial liviano. Adujeron, además, que se ven afectados a diario con el mal olor a combustible, vibraciones y ruidos que emanan de los vehículos que se operan desde el referido negocio. Por lo cual, sostienen que la operación del negocio incide e interrumpe el libre uso, goce y disfrute de su propiedad, vida, intimidad y seguridad en su hogar.

A esos efectos, el foro de instancia emitió una *Orden de Señalamiento[3]* de una vista de interdicto estatutario al amparo de la Ley Núm. 161-2009. Sin embargo, los demandantes instaron una *Moción en solicitud de orden[4]* mediante la cual solicitaron que el caso fuese atendido mediante el procedimiento ordinario, a fin de permitir a ambas partes llevar a cabo el descubrimiento de prueba, en consideración a la complejidad de las alegaciones planteadas. Así lo

---

[2] SUMAC-TPI, entrada núm. 1.
[3] *Id.*, entrada núm. 12.
[4] *Id.*, entrada núm. 13.

concedió el foro de instancia al emitir una *Orden* de conversión a pleito ordinario de daños y dejó sin efecto el señalamiento de la referida vista.[5]

Luego, el señor Rivera Pérez y las corporaciones presentaron una *Moción de desestimación y en oposición a la solicitud de interdicto*[6] en la cual alegaron que el negocio de transporte tiene autorización para una operación industrial liviana (I-L) desde el año 2006, conforme a la resolución favorable de una consulta de ubicación y permiso único expedida por el Municipio de Cidra. Adujeron que, por la presunción de corrección y legalidad de las determinaciones finales y permisos expedidos, el foro de instancia carece de jurisdicción en la materia. Además, sostienen que la demanda promueve un ataque colateral al permiso de construcción. Señalaron, asimismo, que los propios demandantes admitieron que no tienen evidencia para probar sus alegaciones y que son especulativas. Por último, argumentaron que no son los titulares de la propiedad relacionada con la reclamación, ni son los tenedores de permiso alguno. Por lo cual, solicitaron que se desestimara el interdicto estatutario y el proceso ordinario de daño, ya que las reclamaciones no exponen una causa de acción que justifique la concesión de un remedio y que el tribunal carece de jurisdicción tanto sobre la materia como sobre la persona.

Por su parte, los demandantes presentaron su *Moción en oposición a solicitud de desestimación*[7] mediante la cual expusieron que la solicitud de desestimación contiene materias no contenidas en las alegaciones de la demanda, por lo cual debía ser atendida y denegada al amparo de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36. En alternativa, negaron que su reclamación fuese un

---

[5] *Id.*, entrada núm. 15.
[6] *Id.*, entrada núm. 19.
[7] *Id.*, entrada núm. 35.

ataque colateral y explicaron que cuestionan el proceso de la consulta de ubicación y el cambio en la reglamentación por violación a su debido proceso de ley.

Así las cosas, el foro de instancia dictó *Sentencia Parcial*[8] en la que desestimó sin perjuicio las causas de acción siguientes: (1) impugnación del proceso de reglamentación del Municipio de Cidra por violación al debido proceso de ley; (2) interdicto estatutario al amparo de la Ley Núm. 161-2009, *supra*; y (3) interdicto al amparo del Artículo 277 del Código de Enjuiciamiento Civil, *supra.* Fundamentó su determinación en que, tanto las alegaciones en la *Demanda* como las expresiones contenidas en la solicitud de suspensión de vista, evidencian que dichas causas de acción se sustentan en meras especulaciones. No obstante, aclaró que perduran las causas de acción sobre declaración de estorbo público y daños. A tenor con el Artículo 14.1 de la Ley Núm. 161-2009, el foro de instancia les impuso a los demandantes el pago de $1,500.00 en honorarios de abogado a favor del señor Rivera Pérez y las corporaciones.

Luego, el Municipio de Cidra instó una *Moción de desestimación*[9] en la que solicitó —al amparo de la Regla 10.2 de Procedimiento Civil, *supra*— la desestimación sin perjuicio de las restantes causas de acción relacionadas a la declaración de estorbo público y daños. Sostuvo que tanto el proceso de variación de zonificación de residencial a industrial liviano, así como la consulta de ubicación y la otorgación de permisos, se llevaron a cabo conforme a derecho hace aproximadamente una década. Por consiguiente, alegó que el remedio solicitado implicaría una intervención tardía de los tribunales, lo que repercutiría sobre el interés público y afectaría las determinaciones del Municipio de

---

[8] *Id.*, entrada núm. 42.
[9] *Id.*, entrada núm. 44.

Cidra como la agencia administrativa que autorizó los permisos en controversia. En ese sentido, argumentó que corresponde otorgar deferencia a dichas determinaciones, dado el conocimiento especializado que posee el Municipio de Cidra. Además, alegó que la *Demanda* no exponía los hechos que sustentaran las alegaciones formuladas y justificara la concesión de un remedio. Por lo que, planteó que el foro de instancia carecía de jurisdicción sobre la materia y que procedía la desestimación de la *Demanda* en su totalidad.

En el ínterin, los demandantes enmendaron su *Demanda* a los efectos de especificar las condiciones que incumplieron los demandados en el proceso de otorgación de permisos.[10] Explicaron que, la Consulta de Ubicación fue autorizada de forma condicionada a que se cumplieran con los acuerdos y tenía una vigencia de 24 meses. No obstante, sostuvieron que se incumplieron los acuerdos siguientes: (1) no se legalizó la estructura B ni las edificaciones existentes carentes de permisos de construcción; (2) no ampliaron el camino de acceso al negocio de transporte, sino que dan uso al camino municipal que provee un espacio para un solo vehículo de motor; y (3) no se notificó a la Junta de Planificación sobre la aprobación de la consulta de ubicación.

En desacuerdo con la *Sentencia Parcial*, los demandantes instaron una *Moción de reconsideración*[11] en la cual sostuvieron que el foro de instancia se apartó de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, violando su debido proceso de ley en su vertiente procesal. Esto es, alegaron que el foro de instancia dio por ciertos hechos en controversia sin brindarles oportunidad para rebatirlos. Además, argumentaron que el foro de instancia debió interpretar las alegaciones de la demanda de manera conjunta y

---

[10] *Id.*, entrada núm. 50.
[11] *Id.*, entrada núm. 56.

liberalmente a favor de la parte demandante, conforme a *Rivera, Lozada v. Universal*, 214 DPR 1007.

El señor Rivera Pérez y la corporación presentaron su *Oposición a la moción de reconsideración*[12] en la que reiteraron sus planteamientos de falta de jurisdicción. Ante esto, el foro de instancia emitió *Resolución sobre moción de reconsideración*[13] mediante la cual denegó la solicitud de reconsideración. Asimismo, emitió una *Sentencia de desestimación*[14] en la cual resolvió como sigue:

> Teniendo [los] demandante[s] remedios administrativos disponibles para dilucidar las controversias que trae en su *Demanda y Demanda Enmendada*, a saber, querellas ante el Departamento de Recursos Naturales y, m[á]s importante aún, remedios a formularse ante el propio Municipio de Cidra sobre los permisos por ellos otorgados, y no habiendo demostrado la agotación de dichos remedios, este Tribunal procede a declarar la Demanda y Demanda Enmendada No Ha Lugar, sin perjuicio, por falta de jurisdicción.[15]

Aun inconformes, los demandantes acudieron antes este Tribunal mediante el recurso de epígrafe y esbozaron los señalamientos de error siguientes:

> **PRIMER ERROR:** ERRÓ EL TPI Y ABUSÓ DE SU DISCRECCIÓN [sic], AL DECLARAR CON LUGAR LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR LOS RECURRIDOS JOSÉ RIVERA PÉREZ[,] ARENAS BUS LINE Y LULE CORP, CONSIDERANDO PRUEBA AJENA A LAS ALEGACIONES Y NO RESOLVER LA MOCIÓN COMO UNA SENTENCIA SUMARIA.
>
> **SEGUNDO ERROR:** ERRÓ EL TPI, ABUSÓ DE SU DISCRECCIÓN [sic] AL CONCLUIR COMO UNO DE LOS ELEMENTOS PARA DESESTIMAR LA DEMANDA, QUE, ERA NECESARIO SE ANEJARA PRUEBA A LA DEMANDA PARA PODER PROBAR TENER [sic] CAUSAS DE ACCIÓN.
>
> **TERCER ERROR:** ERRÓ EL TPI, ABUSÓ DE SU DISCRECCIÓN [sic] AL CONCLUIR QUE, LAS ALEGACIONES DE LA DEMANDA ADOLECEN DE FALTA DE ESPECIFICIDAD, Y DESESTIMAR LA DEMANDA CONSIDERANDO ESTO COMO UN ELEMENTO PARA ELLO.
>
> **CUARTO ERROR:** ERRÓ EL TPI, ABUSÓ DE SU DISCRECCIÓN [sic] AL CONCLUIR QUE, NO TENIA [sic] JURISDICCIÓN SOBRE LA MATERIA.
>
> **QUINTO ERROR:** ERRÓ EL TPI, ABUSÓ DE SU DISCRECCIÓN [sic], Y PRIVÓ A LOS RECURRENTES DEL

---

[12] *Id.*, entrada núm. 61.
[13] *Id.*, entrada núm. 65.
[14] *Id.*, entrada núm. 66.
[15] *Id.*, pág. 2.

DEBIDO PROCESO DE LEY AL DESESTIMAR EL INTERDICTO AL AMPARO DEL ARTÍCULO 277 DEL CÓDIGO DE ENJUICIAMIENTO CIVIL POR NO CONTAR CON PRUEBA PARA SUSTENTARLO Y NO ALEGAR DAÑOS IRREPARABLES.

**SEXTO ERROR:** ERRÓ EL TPI Y ABUSÓ DE SU DISCRECCIÓN [sic] AL DESESTIMAR LA DEMANDA CUANDO LA PARTE RECURRENTE JOSÉ A[.] RIVERA, ARENAS BUS LINE Y LULE CORP[.] PRESENTARON UNA RECONVENCIÓN DONDE ALUDEN LA CORRECCIÓN DE LOS PROCEDIMIENTOS DE CONSULTA DE UBICACIÓN Y PERMISOS PARA FUNDAMENTAR SU CAUSA DE ACCIÓN CUANDO LAS ALEGACIONES ESTABA [sic] INTRÍNSICAMENTE LIGADAS UNA A LA OTRA, POR LO QUE NO PROCEDÍA DESESTIMAR LA DEMANDA.

**SÉPTIMO ERROR:** ERRÓ AL TPI Y ABUSÓ DE SU DISCRECCIÓN [sic] AL APARTARSE LOS VALORES SUPERIORES DE LA BÚSQUEDA DE LA VERDAD Y LA JUSTICIA EN LOS PROCESOS ADJUDICATIVOS Y DE LA POLÍTICA JUDICIAL DE QUE LOS CASOS SE VEAN EN LOS MÉRITOS.

**OCTAVO ERROR:** ERRÓ EL TPI AL IMPONER HONORARIOS DE ABOGADOS A LOS RECURRENTES, POR LA DEMANDA CARECER MÉRITO Y RAZONABILIDAD.

**NOVENO ERROR:** ERRÓ EL TPI, ABUSÓ DE SU DISCRECCIÓN [sic] Y PRIVÓ A LOS RECURRENTES DEL DEBIDO PROCESO DE LEY AL NI TAN SIQUIERA ATENDER UNA MOCIÓN AL AMPARO DE LA REGLA 10.2 HABIENDO CONSIDERADO LOS DOCUMENTOS QUE ACOMPAÑARON LA MOCIÓN DE DESESTIMACIÓN PRESENTADA POR EL MUNICIPIO DE CIDRA, ADEMÁS CUANDO SE CUESTIONABA REGLAMENTACIÓN POR VIOLACIÓN AL DEBIDO PROCESO DE LEY.

Posteriormente, tanto el Municipio de Cidra como el señor Rivera Pérez y las corporaciones presentaron sus respectivas oposiciones al recurso de apelación.

Así pues, perfeccionado el recurso, procedemos a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. Desestimación bajo la Regla 10.2 (5) de Procedimiento Civil**

La Regla 10.2 de las de Procedimiento Civil autoriza al demandado –ya sea en una demanda, reconvención, demanda contra coparte o demanda contra tercero– a presentar una moción de desestimación debidamente fundamentada a esos fines. 32 LPRA Ap. V, R. 10.2. Esto es, dicha disposición permite la presentación de

una moción de desestimación "cuando de las alegaciones de la demanda se desprende que 'alguna defensa afirmativa derrotará la pretensión de la parte demandante'". *Saint Mary Investmente, LLC v. Denton Morales*, 2026 TSPR 35, 217 DPR ___ (2025) citando a *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 83 (2023). En particular, la precitada regla reconoce los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, o (6) dejar de acumular una parte indispensable. Rodríguez Vázquez v. Hosp. Auxilio Mutuo, 2025 TSPR 55, 216 DPR ___ (2025); *Blassino, Reyes v. Reyes Blassino*, 214 DPR 823, 833 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022). En ese sentido

En síntesis, el demandado que formula una moción de desestimación bajo la Regla 10.2 de las de Procedimiento Civil, *supra*, hace el siguiente planteamiento:

> "Yo acepto para los propósitos de mi moción de desestimación que todo lo que se dicte en esta demanda es cierto, pero aun así, no aduce una reclamación que justifique la concesión de un remedio, o no se ha unido una parte indispensable, o el tribunal no tiene jurisdicción, etc." Es decir, a los efectos de considerar esta moción no se ponen en duda los hechos aseverados porque se ataca por un vicio intrínseco de la demanda o del proceso seguido.

R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., Lexis Nexis, 2017, pág. 309. (Citas omitidas) (Énfasis suplido).

Como regla general, el tribunal, al momento de adjudicar una moción desestimación bajo la precitada disposición legal, lo hace a base de lo expuesto en la alegación contra la cual se dirige. *Íd.*

En relación con el quinto inciso de esta Regla, sobre el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, el Tribunal Supremo ha expuesto lo siguiente:

> Cuando se considera una moción de desestimación al amparo de esta regla, los tribunales tienen que tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la forma más favorable para la parte demandante. Bajo este criterio, se desestimará una demanda solo si surge que "carece de todo mérito o que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se puedan probar". Es decir, procede la desestimación si aun interpretando la reclamación de manera liberal no hay remedio alguno disponible en el estado de Derecho. En otras palabras, los tribunales evaluarán "'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'".

*Blassino, Reyes v. Reyes Blassino*, supra, pág. 834 (citas omitidas).

Por último, la Regla 10.2 de las de Procedimiento Civil puntualiza que:

> Si en una moción en que se formula la defensa número (5) se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla.

32 LPRA Ap. V, R. 10.2 (Énfasis suplido).

Es decir, el promovente de una moción bajo el quinto inciso de la Regla 10.2 de las de Procedimiento Civil, *supra*, que impugne o derrote la veracidad de los hechos deberá cumplir con todos los requisitos de la solicitud de sentencia sumaria para que esta sea considerada por el tribunal. *Íd.,* R. 10.2 y R. 36.3; véase *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 432 (2013).

**B. Proceso municipal para la adopción de planes de ordenación territorial**

La Ley Núm. 107-2020, según enmendada, conocida como Código Municipal de Puerto Rico, 21 LPRA sec. 7100 *et seq.* (en adelante, "Código Municipal") regula los gobiernos municipales, incluyendo su organización, administración y funcionamiento, y les otorga el máximo posible de autonomía. Entre los poderes que le son delegados a los municipios se encuentra la facultad de organizar el

uso de su territorio mediante la adopción de un plan de ordenación territorial.

Particularmente, el Artículo 6.006 del Código Municipal, 21 LPRA sec. 7856, autoriza a los municipios a preparar y adoptar planes de ordenación territorial, los cuales establecen las políticas públicas y las normas que regirán el desarrollo físico del municipio. Sin embargo, el Código Municipal requiere que tales planes de ordenación territorial sean preparados o revisados por los municipios en estrecha coordinación con la Junta de Planificación y con otras agencias gubernamentales, con el fin de asegurar su compatibilidad con los planes estatales, regionales y municipales existentes. Véase, Art. 6.014 del Código Municipal, 21 LPRA sec. 7864; *Borschow Hosp. v. Jta. de Planificación*, 177 DPR 545, 560 (2009). En atención a la importancia de esta función, nuestro Tribunal Supremo ha reconocido que los procesos de planificación y zonificación constituyen actuaciones de naturaleza cuasilegislativa y reglamentaria. *Luan Investment Corp. v. Román*, 125 DPR 533, 545-546 (1990).

Además, el Artículo 6.011 del Código Municipal, 21 LPRA sec. 7861, establece que la vigencia de un plan de ordenación territorial depende de la aprobación por la Legislatura Municipal, su adopción por la Junta de Planificación y la aprobación del Gobernador. Asimismo, el Artículo 6.004 del Código Municipal, 21 LPRA 7854, declara como política pública del Gobierno de Puerto Rico fomentar la participación de la ciudadanía en el proceso de elaboración y adopción de los planes de ordenamiento. En ese sentido, el Artículo 6.011 del Código Municipal, *supra*, dispone que:

> La elaboración o revisión de los Planes de Ordenación se desarrollará en una (1) sola etapa y a través de la preparación secuencial o concurrente de una serie de documentos. La misma seguirá un proceso de participación ciudadana mediante vistas públicas, de acuerdo a lo dispuesto en este Capítulo. Se cumplirá, además, con lo establecido en la Ley 38-2017, según enmendada, conocida

como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico". El municipio celebrará vistas públicas en los casos que a continuación se detallan.

En otras palabras, en el proceso de adopción o revisión de los planes de ordenación, los municipios deben cumplir, además, con los requisitos de reglamentación establecidos en la Ley Núm. 38-2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* 3 LPRA sec. 9601 *et seq.*, (en adelante, "LPAU"). A esos efectos, la LPAU faculta a las agencias administrativas para conducir sus procesos de reglamentación, adjudicación y concesión de licencias y permisos. Si bien dicho estatuto dispone que el término "agencia" excluye a los municipios, el propio Código Municipal incorpora expresamente la aplicación de las disposiciones de la LPAU, a los fines de que los procesos de adopción o revisión de los planes de ordenación municipal cumplan con los requisitos de reglamentación allí establecidos. Véase, 3 LPRA sec. 9603 (a); 21 LPRA sec. 7861.

Según la LPAU, todo procedimiento de reglamentación deberá cumplir con los requisitos básicos siguientes: (1) notificar al público la reglamentación que se aprobará; (2) proveer oportunidad para la participación ciudadana, la cual debe incluir vistas públicas cuando sea necesario u obligatorio; (3) presentar la reglamentación ante el Departamento de Estado para la aprobación correspondiente; y (4) publicar la reglamentación aprobada. *Sierra Club v. Junta de Planificación,* 203 DPR 596, 606 (2019); Secs. 2.1, 2.2, 2.3, 2.8, 2.11 de la LPAU, 3 LPRA secs. 9611-9613, 9618, 9612. Nuestra jurisprudencia ha reconocido estos requisitos son imprescindibles y de ineludible cumplimiento. *Sierra Club v. Junta de Planificación,* supra. Además, cualquier regla o reglamento que incumpla sustancialmente con los cuatro (4) requisitos básicos anteriormente esbozados, será nulo. Secc. 2.7 de la LPAU, 3 LPRA sec. 9617. Ahora bien, se requiere que la parte interesada en impugnar la validez de

su faz de una regla o reglamento por el incumplimiento de las disposiciones LPAU acuda ante el Tribunal de Apelaciones dentro de los treinta (30) días siguientes a la fecha de vigencia de dicha regla o reglamento. *Id.*

**C. Ley Núm. 161-2009**

La Ley Núm. 161-2009, según enmendada, conocida como la *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, 23 LPRA sec. 9011 *et seq.* (en adelante, "Ley Núm. 161-2009") provee el marco jurídico para la solicitud, evaluación, concesión y denegación de permisos en el Gobierno de Puerto Rico. A esos fines, dicho estatuto creó la Oficina de Gerencia de Permisos (en adelante, "OGPe"), organismo gubernamental que tiene la facultad de evaluar, conceder o denegar determinaciones finales para las consultas de construcción y los permisos relacionados con el desarrollo y uso de un negocio en Puerto Rico. Véase, Arts. 2.1 y 2.5 de la Ley Núm. 161-2009, 23 LPRA secs. 9012 y 9012d. Igual facultad se le concedió a los Municipios Autónomos con jerarquía I a la V. Véase, Art. 8.1 de la Ley Núm. 161-2009, 23 LPRA sec. 9018.

Pertinente a la controversia, dicha legislación faculta a toda persona —con interés propietario o personal que pudiese verse afectado— a presentar una solicitud de recurso extraordinario ante el Tribunal de Primera Instancia con el fin de obtener varios remedios, entre ellos, la revocación de un permiso. *Díaz Vázquez et al. v. Colon Pena et al.,* 214 DPR 1135, 1144 (2024). En particular, el Artículo 14.1 de la Ley Núm. 161-2009 dispone como sigue:

> La Junta de Planificación, un Municipio Autónomo con Jerarquía de la I a la III, o una Entidad Gubernamental Concernida que haya determinado que sus leyes y reglamentos han sido violados **podrá presentar una acción de injunction, mandamus, sentencia declaratoria, o cualquier otra acción adecuada para solicitar: 1) la revocación de una determinación final otorgada**, cuya solicitud se haya hecho utilizando información incorrecta o falsa con la intención de inducir a error al ente que emite el permiso, y que en cualquiera de los casos, ya sea por la información incorrecta o falsa, de haberse considerado todos los factores reales, no lo hubiera aprobado; 2) la paralización

de una obra iniciada sin contar con las autorizaciones y permisos correspondientes, o incumpliendo con las disposiciones y condiciones del permiso otorgado [...] **Cualquier persona privada, natural o jurídica, podrá presentar una acción de *injunction, mandamus*, sentencia declaratoria, o cualquier otra acción adecuada para solicitar los remedios aquí dispuestos**, **siempre que alegue de manera específica que posee un interés propietario o personal sujeto a un daño inminente**, que dicho daño puede vincularse razonablemente a la conducta de la parte promovida y que el daño sufrido en el interés propietario o personal es susceptible de reparación mediante el remedio solicitado.

[...]

Indistintamente de haberse presentado una querella administrativa ante la Junta de Planificación, Entidad Gubernamental Concernida, Municipio Autónomo con Jerarquía de la I a la V [sic] o cualquier otra dependencia o instrumentalidad del Gobierno de Puerto Rico, alegando los mismos hechos, una parte adversamente afectada podrá presentar un recurso extraordinario en el Tribunal de Primera Instancia. Una vez habiéndose presentado el recurso extraordinario al amparo del presente Artículo, la agencia administrativa perderá jurisdicción automáticamente sobre la querella y cualquier actuación que llevare a cabo con respecto a la misma será considerada ultra vires.

[...]

El Tribunal impondrá honorarios de abogados contra la parte que presenta el recurso bajo este Artículo si su petición resulta carente de mérito y razonabilidad o se presenta con el fin de paralizar una obra o permiso sin fundamento en ley [...] En el caso que el Tribunal entienda que no es aplicable la presente imposición de honorarios de abogados, tendrá que así explicarlo en su dictamen con los fundamentos para ello. (Énfasis suplido).

De lo previamente señalado resulta que se "instituyó un procedimiento especial reconocido en nuestro ordenamiento jurídico bajo el concepto de *injunction* estatutario. Este recurso se caracteriza por ser un "mecanismo estatuario independiente, sumario y limitado" [...] cuyo propósito fundamental es "hacer viable la efectividad de las leyes y los reglamentos de planificación". *Díaz Vázquez et al. v. Colon Pena et al.,* supra, pág. 1146 (citas omitidas).

Conforme a la Regla 53 de Procedimiento Civil, 32 LPRA Ap. V, R. 53, las reglas procesales serán aplicables de manera supletoria a todos los procedimientos especiales como el *injunction* estatutario. Esto es, el *injunction* estatutario para la revocación de un permiso al amparo del Artículo 14.1 de la Ley Núm. 161-2009, supra, no se requiere los requisitos rigurosos que aplican al *injunction* tradicional

en virtud de la Regla 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 57.

Además de las circunstancias que provee el Artículo 14.1 de la Ley Núm. 161-2009, *supra*, también procede una acción cuando medie alguna de las circunstancias presentes en el Artículo. 9.10 de la Ley Núm. 161-2009, 23 LPRA sec. 9019i, a saber:

> Se presume la corrección y la legalidad de las determinaciones finales y de los permisos expedidos por la Oficina de Gerencia de Permisos, por el Municipio Autónomo con Jerarquía de la I a la V y por los Profesionales Autorizados. No obstante, **cuando medie fraude**, **dolo**, **engaño**, **extorsión**, **soborno o la comisión de algún otro delito en el otorgamiento o denegación de la determinación final o del permiso**, o en aquellos casos en que la estructura represente un riesgo a la salud o la seguridad, a condiciones ambientales o arqueológicas, **la determinación final emitida y el permiso otorgado por la Oficina de Gerencia de Permisos**, por el Municipio Autónomo con Jerarquía de la I a la V o por el Profesional Autorizado, **deberá ser revocado**. (Énfasis suplido).

## D. Artículo 277 Código de Enjuiciamiento Civil

En lo que respecta al presente caso, el Artículo 277 del Código de Enjuiciamiento Civil de 1933, según enmendado, 32 LPRA sec. 2761, dispone lo siguiente:

> Todo lo que fuere perjudicial a la salud, indecente u ofensivo a los sentidos, o que interrumpa el libre uso de la propiedad, de modo que impida el cómodo goce de la vida o de los bienes, o que estorbare el bienestar de todo un vecindario, o un gran número de personas, o que ilegalmente obstruyere el libre tránsito, en la forma acostumbrada, por cualquier lago, río, bahía, corriente, canal o cuenca navegable, o por cualquier parque, plaza, calle, carretera pública y otras análogas, constituye un estorbo público que da lugar a una acción. Dicha acción podrá ser promovida por cualquiera persona, agencia pública o municipio cuyos bienes hubieren sido perjudicados o cuyo bienestar personal resulte menoscabado por dicho estorbo público; y la sentencia podrá ordenar que cese aquella, así como decretar el resarcimiento de los perjuicios; lo aquí provisto no podrá aplicarse a las actividades relacionadas con el culto público practicado por las diferentes religiones. Disponiéndose, que nada de lo aquí dispuesto limitará los poderes de la Junta de Calidad Ambiental para promulgar los reglamentos a que está autorizada por ley.
>
> Además, esta legislación no limitará aquellos poderes otorgados por ley y que puedan adoptar los municipios mediante ordenanzas municipales en la implantación de los procesos y procedimientos sobre estorbos públicos en sus correspondientes jurisdicciones.

## E. Estorbo Público

La Ley Núm. 107-2020, según enmendada, conocida como Código Municipal de Puerto Rico, 21 LPRA sec. 7100 *et seq.* (en adelante, "Código Municipal") regula los gobiernos municipales, incluyendo su organización, administración y funcionamiento, y les otorga el máximo posible de autonomía. Entre los poderes que le son delegados a los municipios —como parte de la política pública de restauración de las comunidades— se encuentra la facultad de identificar las propiedades inmuebles deshabitadas y abandonadas, y declararlas estorbos públicos. Particularmente, el Artículo 8.001(98) del Código Municipal, 21 LPRA sec. 8351, define el concepto de "estorbo público" como sigue:

> Cualquier estructura abandonada o solar abandonado, yermo o baldío que es inadecuada para ser habitada o utilizada por seres humanos, por estar en condiciones de ruina, falta de reparación, defectos de construcción, o que es perjudicial a la salud o seguridad del público. Dichas condiciones pueden incluir, pero sin limitarse a, las siguientes: defectos en la estructura que aumentan los riesgos de incendios o accidentes; falta de adecuada ventilación o facilidades sanitarias; falta de energía eléctrica o agua potable; y falta de limpieza.

Asimismo, el Artículo 4.008 del Código Municipal, 21 LPRA sec. 7632, dispone de un procedimiento para la identificación de los estorbos público. En ese contexto, el Artículo 4.009 del Código Municipal, 21 LPRA sec. 7633, reconoce el derecho del propietario, poseedor o persona con interés en el predio, a que se celebre una vista administrativa en la que tenga oportunidad de oponerse a la declaración de estorbo público. De estar inconforme con la determinación municipal, el Artículo 4.013 del Código Municipal, 21 LPRA sec. 7637, establece que las "[l]as actuaciones del municipio a tenor con lo dispuesto en este Capítulo [...] serán revisables por el Tribunal de Primera Instancia".

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso de epígrafe.

**-III-**

En el presente caso, los apelantes esbozaron nueve (9) señalamientos de error, los cuales atenderemos en conjunto por estar relacionados entre sí. En síntesis, alegaron que el foro de instancia erró y abusó de su discreción al desestimar todas las causas de acción e imponerles el pago de honorarios de abogados. No tienen razón. Veamos.

En la medida que las mociones de desestimación presentadas por los apelados fueron instadas al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* procese delimitar nuestro análisis a la procedencia de la desestimación bajo ese marco normativo. Según discutimos previamente, al evaluar una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* el tribunal debe limitarse a examinar las alegaciones de la demanda, tomar como ciertos los hechos bien alegados y determinar si, bajo cualquier interpretación razonable, estos justifican la concesión de un remedio. Este análisis no permite adjudicar credibilidad ni dirimir controversia de hecho, sino únicamente evaluar la suficiencia jurídica de la reclamación. De forma que, para que un demandado prevalezca cuando presente una moción de desestimación al amparo de la referida regla, debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda probarse en apoyo a su reclamación, aun interpretando la demandada de la forma más liberal posible a su favor.

A la luz de ese estándar, resulta necesario identificar las causas de acción incoadas en el caso de epígrafe, a saber: (1) impugnación del proceso de reglamentación del Municipio de Cidra por violación al debido proceso de ley; (2) interdicto estatutario al amparo de la Ley Núm. 161-2009, *supra*; (3) interdicto al amparo

del Artículo 277 del Código de Enjuiciamiento Civil, *supra*; (4) declaración de estorbo público y (5) daños.

Tras evaluar las alegaciones de la *Demanda* relacionadas a la impugnación del proceso de reglamentación del Municipio, notamos que los apelantes alegaron de manera genérica que se incumplió con las disposiciones constitucionales y la LPAU. Esto es, los apelantes no detallaron con especificidad cuáles de los requisitos del procedimiento de reglamentación impuesto por la LPAU, en virtud del Código Municipal, fueron incumplidos por el Municipio de Cidra. Meramente los apelantes se limitaron a exponer que el proceso de reglamentación relacionado a la variación de zonificación fue ilegal y nulo por inobservancia a la legislación aplicable.

De igual manera, al examinar las alegaciones de la *Demanda* relacionadas al interdicto estatuario bajo el Artículo 14.1 de la Ley Núm. 161-2009, *supra,* advertimos que los apelantes no especificaron la alegada información incorrecta o falsa que supuestamente proveyeron los apelados para que el Municipio de Cidra les concediera los permisos para operar un negocio industrial liviano, según lo requiere dicha legislación. Tampoco alegaron que la expedición de los referidos permisos estuviera viciada por fraude, dolo, engaño, extorsión, soborno o la comisión de algún otro delito, en conformidad con el Artículo 9.10 de la Ley Núm. 161-2009, *supra.* Por tanto, los apelados ni siquiera cuentan con alegaciones que puedan rebatir la presuncion corrección y legalidad que ampara al Municipio de Cidra en la expedición de permisos, más allá de limitarse solicitar su revocación.

En cuanto a las causas de acción sobre estorbo público y el interdicto al amparo del Artículo 277 del Código de Enjuiciamiento Civil, *supra,* observamos que en la *Demanda* no existen alegaciones suficientes para sostener dichas reclamaciones, limitándose a exponer la molestia de los apelantes por el mal olor a combustible,

las vibraciones y los ruidos generados por los vehículos del negocio de los apelados. No obstante, como expresamos previamente, dicho negocio opera al amparo de las autorizaciones y permisos requeridos por ley, los cuales no fueron impugnados por los apelantes conforme a las disposiciones de la Ley Núm. 161-2009, *supra.* Por tanto, los apelantes no han alegado hechos que sustenten una causa de acción por estorbo público ni por interdicto, sino únicamente su inconformidad con las actividades realizadas por los apelados bajo permisos válidamente expedidos.

Considerando todo lo anterior, resulta improcedente la causa de acción por daños, ya que los apelantes no sostuvieron ninguna de las reclamaciones que dan lugar al resarcimiento por los alegados perjuicios.

Así pues, conforme a lo que hemos discutido, colegimos que las alegaciones de la *Demanda* de epígrafe no satisfacen los requisitos legales necesarios para sostener las causas de acción invocadas. En consecuencia, la *Demanda* de epígrafe no expone una reclamación que justifica la concesión de un remedio.

Por último, obsérvese que el lenguaje del Artículo 14.1 de la Ley Núm. 161-2009, *supra*, es de carácter mandatorio en cuanto a la imposición de honorarios de abogado. El término "impondrá" obliga al Tribunal a conceder honorarios de abogado cuando determine que el recurso carece de mérito y razonabilidad o fue presentado sin fundamento legal para paralizar una obra o permiso. Así pues, una vez el Tribunal concluye que concurre cualquiera de esas circunstancias, la imposición de honorarios no queda a su discreción, sino que constituye un deber impuesto por el propio estatuto. Por tanto, al considerar que la *Demanda* de epígrafe no contiene alegaciones específicas para sustentar las reclamaciones, no existe razón para concluir que el foro de instancia haya errado al imponer el pago de honorarios de abogados. Por el contrario, el foro

de instancia actuó conforme a derecho al imponer honorarios de abogado, toda vez que los apelantes presentaron un recurso carente de méritos.

En virtud de todo lo anterior, concluimos que el foro de instancia no erró ni abusó de su discreción al acoger las mociones de desestimación que tuvo ante su consideración. En consecuencia, procede confirmar los dictámenes apelados, aunque por los fundamentos distintos a los expuestos por el foro de instancia.

**-IV-**

Por los fundamentos antes expuestos, se **confirma** las determinaciones apeladas.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones